**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bridge 1 LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Sunstate Acquisitions LLC, et al.,<br><br>        Defendants. | No. CV-22-01839-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 7.) Defendant Sunstate Acquisitions LLC ("Defendant") filed its Notice of Removal (Doc. 1) in October 2022. The Court ordered the parties to submit memoranda of points and authorities, addressing whether the Court should remand this case to Maricopa County Superior Court. (*See* Doc. 5.) Both parties submitted the requested memoranda. (*See* Docs. 6; 7.) The Court will grant Plaintiff's Motion to Remand for the reasons discussed below.

**I.   BACKGROUND**

Nina Luna owned real property in Avondale, Arizona that was under judicial foreclosure. (Doc. 1-3 at 6.) Plaintiff alleges it bought Luna's property on March 10, 2022, "subject to existing recorded liens." (*Id.*) Plaintiff recorded a quit claim deed to reflect its purchase that same day. (*See id.* at 12–13.) Defendant is the beneficiary of a deed of trust over Luna's property, which Luna signed on March 2, 2022—before Plaintiff allegedly bought the property—but Defendant did not record its deed of trust

until June 3, 2022. (*Id.* at 6.) On July 11, 2022, Defendant initiated a trustee's sale of the property, prompting Plaintiff to file a quiet title action in Maricopa County Superior Court. (*Id.* at 6–7.) On October 11, 2022, Luna filed for Chapter 13 Bankruptcy and claimed ownership of the Avondale property in her bankruptcy case. (Doc. 6 at 1–2.) Defendant sought removal to this Court under federal question jurisdiction, arguing Plaintiff's quiet title action is a core proceeding to Luna's bankruptcy. (*See* Docs. 1 at 1; 6 at 1.)

## II. LEGAL STANDARD

Removal of claims with some relation to a bankruptcy case is permissible if the district court has jurisdiction under 28 U.S.C. § 1334(a). 28 U.S.C. § 1452(a). More specifically, district courts have jurisdiction over cases "arising in or related to" bankruptcy cases. *See* 28 U.S.C. § 1334(b), (c). The "related to" test requires courts to consider "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (cleaned up). Despite seemingly broad jurisdiction over cases "related to" active bankruptcy cases, § 1452 also permits district courts to "remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This "standard is an unusually broad grant of authority [that] subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). The factors courts should consider include:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which the issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to jury trial; and (7) prejudice to the party involuntarily removed from state court.

*In re Baptist Found. of Ariz.*, No. CIV 00-557-PHX-ROS, 2000 WL 35575676, at *7 (D. Ariz. June 30, 2000) (quoting *Williams v. Shell Oil Co.*, 169 B.R. 684 692–93 (S.D. Cal. 1994)).

### III. DISCUSSION

Equity favors remand. The Court finds that factors one, two, and five all favor remand, and factors three, four, six, and seven are neutral. Resolution of Plaintiff's quiet title action could affect Defendant's status as one of Luna's secured creditors. But Luna is not a party to this action, and any effect on her bankruptcy's administration will be minimal. The Court finds that factor two particularly favors remand because Plaintiff's state law quiet title claim is the only claim alleged in the Complaint. Most persuasively, Plaintiff's claim bears little relation to Luna's bankruptcy. While Luna included Defendant as a secured creditor in her filing, the determination of the Avondale property's owner will not significantly impact her Chapter 13 plan. Factor three is neutral because both the bankruptcy court and the state court are capable of interpreting and applying the relevant law. Factor four is neutral because this case is in its early stages and nothing in the party's briefing indicates the state court made considerable progress before Defendant's removal. Factor six is neutral because none of the pleadings or briefing indicates whether either party prefers a jury trial. And factor seven is neutral because the parties, counsel, and evidence are in Arizona, and thus any prejudice to Plaintiff would be minimal—although it would rob Plaintiff of its chosen forum. In the presence of factors in favor of remand, and in the absence of factors to the contrary, Plaintiff's Motion to Remand will be granted on equitable grounds.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion to Remand and therefore remanding this case back to Maricopa County Superior Court. (Doc. 7.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

Dated this 17th day of November, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge